# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KELEE K. WILCOX, | : | |
| | | Case No. 3:14cv00179 |
| Plaintiff, | : | |
| | | District Judge Walter Herbert Rice |
| vs. | : | Chief Magistrate Judge Sharon L. Ovington |
| | | |
| DAYTON POLICE DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Kelee K. Wilcox brings this case *pro se* naming as Defendants the Dayton Police Department and "unknown officer John Doe chasing Charles K. Moore, III." (Doc. #2, *PageID#* 15). The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. Presently, this case is before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious and it may not be dismissed *sua sponte*. *Brand v. Motley,* 526 F.3d 921, 923–24 (6th Cir. 2008); *see Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand,* 526 F.3d at 923 (quoting *Neitzke v. Williams,* 490 U.S. 319, 327–28, 109 S.Ct. 1827, (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327–28; *see also Brand,* 526 F.3d at 923. The main issue thus presented by a sua sponte review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand,* 526 F.3d at 923–24 (citing *Lawler,* 898 F.2d at 1198).

In the "Statement of Claim" section of her Complaint, Plaintiff does not set forth any factual allegations, rather, she requests for the Court to accept her "skeletal petition pending further investigation of additional allegations, evidence, and articulation." (Doc. #2, *PageID#* 17).  Nonetheless, Plaintiff does attach some documents to her Complaint which provide some, albeit minimal, factual background.  It appears that Plaintiff's son, Charles K. Moore, III, passed away after being involved in a fatal car crash on June 6, 2012.  (Doc. #2, *PageID#* 21).  It also appears Plaintiff believes – based allegedly on an Ohio Traffic Crash Report – that an "undercover deputy" requested to have the vehicle her son was driving in at the time of the fatal car crash stopped by the Trotwood Police Department and the Dayton

Police Department while being driven in the City of Trotwood and the City of Dayton. (Doc. #2, *PageID#* 21). Plaintiff also notes instances in which she attempted to receive documents from several law enforcement agencies but allegedly did not receive a response, or only very little information. (Doc. #2-1, *PageID#* 19).

Although no specific statutory provision is referenced by Plaintiff, it appears she is attempting to assert a claim under 42 U.S.C. § 1983 on behalf of her late son. Yet even a liberal construction of Plaintiff's Complaint and supporting documents provides only sparse factual detail, none of which sets forth a plausible claim for relief. Moreover, even assuming Plaintiff had set forth additional factual allegations capable of stating a claim under § 1983 for violation of her late son's constitutional rights, she would not have standing to assert it. As the United States Court of Appeals for the Sixth Circuit recently explained, "[i]t is well established in this Circuit that 'a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort.'" *Foos v. City of Del.*, 492 Fed. Appx. 582, 592 (6th Cir. 2012)(internal citations omitted). Accordingly, "only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). Here, Plaintiff does not indicate that she is the executrix or administratix of the estate. And even if she had, she could not proceed *pro se* on behalf of the estate if the estate has other beneficiaries or creditors. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," a plaintiff is not permitted to appear *pro se* where the

3

interests of others are at issue. *Sykes v. United States*, 507 Fed. Appx. 455, 460 (6th Cir. 2012) (citing *Shepherd,* 313 F.3d at 970). "The same rule applies under Ohio state law because allowing a *pro se* litigant to represent others would constitute the unauthorized practice of law." *Sykes*, 507 Fed. Appx. at 460 (citing *Williams v. Griffith*, 2009 Ohio 4045, 2009 WL 2469523, at *4 (Ohio Ct. App. 2009)).

To the extent Plaintiff is attempting to bring claims under § 1983 on her *own* behalf due to the loss of her son, "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Claybrook*, 199 F.3d at 357; *see also Jaco v. Bloechle*, 739 F.2d 239, 242-43 (6th Cir. 1984) (holding a decedent's family members lack standing to bring such claims under § 1983).

While Plaintiff certainly endured significant pain as a result of losing her son, § 1983 does not provide her or her family members with a remedy. *Foos*, 492 Fed. Appx. at 592 (noting that such injuries suffered by a victim's family members are raised in a state tort law cause of action.).

For all of the above reasons, Plaintiff's Complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff Kelee Wilcox's Complaint be dismissed without prejudice;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations

would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and,

3. The case be terminated on the docket of this Court.

July 17, 2014

              s/Sharon L. Ovington
              Sharon L. Ovington
           Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).